IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES C. SMITH                                                                                   PETITIONER
ADC #83395

v.                              CASE NO.: 5:10CV00002 JLH/BD

RAY HOBBS, Interim Director,
Arkansas Department of Correction                                               RESPONDENT

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      Mail your objections and "Statement of Necessity" to:
           Clerk, United States District Court
           Eastern District of Arkansas
           600 West Capitol Avenue, Suite A149
           Little Rock, AR 72201-3325

**II.    Introduction:**

James C. Smith, an inmate in the Arkansas Department of Correction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1) challenging his conviction and sentence in the Circuit Court of Randolph County, Arkansas.  Respondent filed a response (#15), to which Petitioner replied (#16).  For the following reasons, the Court recommends that the District Court DISMISS the petition with prejudice.

**III.    Background:**

On May 12, 2006, a Randolph County Circuit Court jury found Petitioner guilty of ten counts of rape.  He is currently serving a twenty-year aggregate prison sentence as a result of the conviction.  Petitioner did not initially seek direct review of the sentence and conviction.

On September 12, 2007, Petitioner filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  On October 16, 2007, the Randolph County Circuit Court dismissed the Rule 37 petition as untimely (#15-4).  It does not appear Petitioner appealed this dismissal.

On October 27, 2008, Petitioner filed a motion for belated appeal with the Supreme Court of Arkansas, challenging his May 12, 2006 conviction.  *Smith v. State*, No. CR 08-1238, 2009 WL 485296 (Ark. dismissed Feb. 26, 2009).  He filed an amended motion for belated appeal on January 5, 2009.  The Supreme Court of Arkansas dismissed the motion and amended motion on February 26, 2009, finding the motion untimely.  *Id*.

The Court noted that Petitioner had until November 12, 2007, to file a motion for belated appeal.

On March 5, 2009, Petitioner filed another Rule 37 petition for post-conviction relief in the Randolph County Circuit Court. The Court dismissed the petition as untimely on May 4, 2009 (#15-5).

Petitioner filed the immediate federal petition on January 4, 2010. In response to the petition, Respondent contends that Petitioner's claims are time-barred and procedurally defaulted (#15). In reply, Petitioner argues that the Court should excuse his default (#16). He does not address Respondent's statute of limitations argument.

**IV.   Discussion:**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a federal habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, a Randolph County Circuit Court jury convicted Petitioner on May 12, 2006. He did not file a notice of appeal. Consequently, the statute of limitations began to run on June 11, 2006, the date on which Petitioner's time to file a notice of appeal expired. Petitioner did not file this habeas petition until January 4, 2010. Accordingly,

3

Petitioner's claims are barred by the one-year statute of limitations unless the statute of limitations can be tolled.

    A.    *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A properly filed Rule 37 post-conviction petition triggers 28 U.S.C. § 2244(d)(2)'s tolling provision. *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006). The limitation period remains tolled while the petition is pending. The post-conviction petition is "pending" from the date of filing until "final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 2138 (2002).

In this case, Petitioner's conviction was final on June 11, 2006. At this point, the limitation period began to run. The limitation period ran from June 11, 2006, until at least September 12, 2007, when Petitioner filed his first Rule 37 petition for post-conviction relief in the Randolph County Circuit Court. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). Assuming the limitations period was tolled on

September 12, 2007, the limitations period already exceeded the one-year statute of limitations.

It appears, however, that Petitioner's Rule 37 post-conviction petition did not effectively toll the statute of limitations. Only a "properly filed" post-conviction petition tolls the limitations period. To qualify as a "properly filed" post-conviction petition, the petition must comply with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.ct. 361, 364 (2000). Petitioner's Rule 37 post-conviction petition was not "properly filed," because it was untimely. *Id*. (the "applicable laws and rules governing filings" include the time limits for filing). As noted, even if Petitioner tolled the limitations period on September 12, 2007, the pending petition is still time-barred.

The Randolph County Circuit Court denied Petitioner's untimely Rule 37 post-conviction petition on October 16, 2007. Petitioner failed to file a timely notice of appeal. Consequently, the limitations period continued to run. See *Evans v. Chavis*, 546 U.S. 189, 191-192, 126 S.Ct. 846, 849 (2006) (post-conviction petition is pending between lower court's adverse determination and the filing of a notice of appeal, *provided that the filing of the notice of appeal is timely*).

Petitioner eventually filed an untimely motion for belated appeal, on October 27, 2008. His motion for belated appeal was denied as untimely. *Smith v. State*, No. CR 08-1238, 2009 WL 485296 (Ark. dismissed Feb. 26, 2009). When the State court determines

the filing was untimely, that is the "end of the matter." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807, 1812 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134 (2002)).

Petitioner did not file the pending federal petition until January 4, 2010. With no statutory tolling, the petition was time-barred after June 11, 2007. Accordingly, Petitioner's claims are barred by the one-year statute of limitations unless he is entitled to equitable tolling.

B.   *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In this case, Petitioner is not entitled to equitable tolling. Assuming, as he alleges, that his attorney lied to him by telling him the trial judge did not allow appeals, Petitioner

was aware of his ability to challenge his conviction by September 12, 2007, at the latest, when he filed his Rule 37 petition.[1]  At that time, Petitioner still had several months to file a timely motion for belated appeal challenging his May 12, 2006 conviction.  When the Randolph County Circuit Court dismissed Petitioner's untimely Rule 37 petition on October 16, 2007, Petitioner still had a month to file a timely motion for belated appeal.  If Petitioner had timely, and successfully, sought belated appeal, he would have restored the pendency of the direct appeal process.  See *Jimenez v. Quarterman*, 129 S.Ct. 681, 686 (2009).  A timely belated appeal would have essentially reset the one-year limitations period.  Petitioner, however, did not file his untimely motion for belated appeal until over a year later, on October 27, 2008.  Petitioner's delay does not evidence a diligent pursuit of his rights.  Even if Petitioner's failure to contest his conviction in a timely matter was the result of his pro se status or lack of legal knowledge, neither of these reasons warrant equitable tolling.  *Shoemate*, 390 F.3d at 598.

Petitioner has also failed to provide evidence of an extraordinary circumstance sufficient for this Court to equitably toll the statute of limitations.  Accordingly, Petitioner is not entitled to equitable tolling and his federal petition is time-barred.

---

[1] Petitioner's Judgment and Commitment Order specifically notes that Petitioner was informed of his right to appeal and denied an appeal bond (#15-2, p. 2).  It also appears Petitioner did not allege his attorney lied to him about the possibility of an appeal in his Rule 37 post-conviction petition.

## V.      Conclusion:

Petitioner's federal petition is time-barred. Accordingly, this Court recommends that the District Court DENY and DISMISS James C. Smith's Petition for Writ of Habeas Corpus (#1), with prejudice.

DATED this 17th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE